### DODGE INC. *v.* WEST VIEW CEMETERY ASSOCIATION.

ATKINSON, J. 1. A private corporation organized for pecuniary gain owned and operated a cemetery in which lots were sold for burial of the dead. The corporation sold and conveyed by warranty deed a described lot to the purchaser, "to have and .to hold the herein above granted premises to the said [grantee], . . his heirs and assigns, forever; subject, however, to the conditions and restrictions, and with the privileges specified in the rules and regulations hereto annexed." The first of the said "conditions and restrictions" was: "Proprietors shall not allow interments to be made in their lots for a remuneration; nor shall any transfer or assignment of any lot be valid without the consent in writing of the directors, or their authorized agents, endorsed upon such transfer or assignment, for which a fee of $2.50 shall be required by the secretary, to be paid at the time of any recognition of any transfer of ownership thereof, made on his records." The grantee sold his lot to another corporation, and duly executed a deed transferring title to the lot and delivered said deed to the purchaser along with his original deed that contained the said "conditions and restrictions." The grantee also delivered his "written authorization . . directing and authorizing the said transfer." When these papers were presented by the transferee along with tender of $2.50 to cover the transfer charge to the "proper officer" of the first above-mentioned grantor, the "officers, agents, servants, and employees" of that corporation "capriciously" .refused to enter a transfer of the lot on its books. *Held:*

1. If in a proper case the writ of mandamus would lie under the principles of the Civil Code, § 5442, and *State* v. *Georgia Medical Society,* 38 *Ga.* 608 (95 Am. D. 408), and cit., in a suit by the transferee against the first-named corporation, for mandamus to compel entry of the transfer on its books, the petition as amended alleging all that is above stated, but failing to allege "consent in writing of the directors or their authorized agents" to the transfer, does not allege ground for the relief.

2. The judge did not err in dismissing the case on general demurrer to the petition.       *Judgment affirmed. All the Justices concur.*

No. 8120. JULY 16, 1931.

*Vester M. Ownby* and *F. L. Breen,* for plaintiff.
*Winfield P. Jones,* for defendant.